UNITED STATES COURT OF INTERNATIONAL TRADE

| | : | |
|---|---|---|
| TARGET CORPORATION, | : | |
| | : | |
| Plaintiff, | : | Court No. 21-00162 |
| | : | |
| v. | : | |
| | : | |
| THE UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

# COMPLAINT

Plaintiff, Target Corporation, by and through its counsel, hereby alleges and states as follows:

1. Plaintiff challenges the denial by U.S. Customs and Border Protection (hereinafter: "CBP") of its Protest Number 1401-20-102470.

2. This Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. §§ 1581(a), 2637(a).

3. Plaintiff is the importer of record of the merchandise that is the subject of this action.

4. Plaintiff is the person who filed the protest pursuant to Section 514 of the Tariff Act of 1930, *as amended*, 19 U.S.C. § 1514, which was denied under Section 515 of the Tariff Act of 1930, *as amended*, 19 U.S.C. § 1515, and is covered by this civil action; Plaintiff thus has standing to bring this action pursuant to 28 U.S.C. § 2631(a).

5. Defendant United States, CBP, is the party that denied the protest contested herein and is the statutory defendant under 28 U.S.C. § 2631(a).

6. The protest covered by this action was timely filed with CBP at the port of entry which thereafter denied same.

1

7. All liquidated and reliquidated duties have been paid.

8. The metal top ironing tables in this case were the subject of a preliminary antidumping determination under which Plaintiff was required to deposit antidumping duties of 9.47%.

9. This Court directed the Department of Commerce (hereinafter: "Commerce") to assess antidumping duties of 72.9% pursuant to a stipulation of the parties.

10. On January 5, 2017, Commerce issued instructions to CBP to liquidate the entries at the rate of 72.29%.

11. CBP did not follow these instructions and the entries which are the subject of this action were deemed liquidated by operation of law under 19 U.S.C. § 1504(d) in March 2017, at the original antidumping duty rate of 9.47% under which the merchandise was entered.

12. A much larger group of Plaintiff's entries (152) were liquidated at the higher antidumping duty rate of 72.29% in accordance with the instructions from Commerce and Plaintiff paid $11,868,842.77 as a result; those liquidations are not in dispute in this action.

13. CBP erroneously allowed the liquidation of the entries at issue in this case by operation of law at the lower rate, contrary to the final determination and instructions from Commerce.

14. Under 19 U.S.C. § 1501, CBP had 90 days in which to reliquidate the entries at the proper rate.

15. CBP failed to reliquidate the entries within this 90-day period.

16. The government called this error to the attention of this Court with a so-called "Status Report."

17. In the "Status Report," the government recognized that it could not reliquidate the entries and was barred from doing so under 19 U.S.C.§ 1514.

18. The Court then ordered that the entries be reliquidated at the higher 72.29% rate despite the fact that the time for reliquidation under Section 1501 had expired.

19. Plaintiff then challenged the lawfulness of what it contended was an untimely reliquidation of its entries with motions to intervene, for reconsideration, and to vacate the order of reliquidation.

20. The Court stayed its order of reliquidation while it considered Plaintiff's motions.

21. The Court denied these motions and issued its final judgment ordering the reliquidation. *Home Products International, Inc. v. United States*, 405 F. Supp. 1368 (Ct. Int'l Trade 2019).

22. The foregoing chronology in paragraphs 8 through 21 is summarized in the opinion of the Court. 405 F. Supp. at 1371.

23. Plaintiff then filed an appeal with the Court of Appeals for the Federal Circuit (hereinafter: "CAFC") as a non-party Movant-Appellant challenging the legality of the reliquidation of its entries as untimely under Section 1501, contending that the deemed liquidations were final and conclusive on all parties under 19 U.S.C. § 1514(a).

24. On December 21, 2020, after briefing on both the jurisdictional issues and the merits of the appeal and after the case was set for oral argument, the CAFC *sua sponte* requested additional briefing on whether the "appeal should be dismissed as improperly brought by a non-party."

25. On February 16, 2021, the CAFC issued a nonprecedential opinion dismissing the appeal without considering the merits of the appeal stating:

> Finally, it is undisputed that Target has another, statutorily prescribed, path to redress its grievance without resort to a nonparty appeal. Target has, in fact, followed that path. Upon reliquidation of the subject entries, Target protested Customs' actions pursuant to 19 U.S.C. § 1514. Target's Opening Br.

20. If Customs denies Target's protest, Target will be able to commence an action in the CIT challenging that decision. *See* 28 U.S.C. §§ 1581(a), 2637(a). And, if the CIT resolves that case adversely to Target, Target, as a party to the CIT action, will be able to seek review in this court. *See* 28 U.S.C. § 1295(a)(5).

26. The protest which Plaintiff filed against the reliquidation was suspended by CBP while the appeal to the CAFC was pending.

27. After the Order was issued by the CAFC dismissing the appeal, CBP lifted the suspension and denied the protest on April 13, 2021.

28. After receiving the denial of the protest by CBP, Plaintiff commenced this action on April 15, 2021.

29. The Order of reliquidation, 405 F. Supp. at 1378, is *ultra vires*, illegal, null and void.

30. The Order of reliquidation is contrary to the decision of the CAFC in *Cemex, S.A. v. United States*, 384 F. 3d 1314 (Fed. Cir. 2004) and to the decision of this Court from which the appeal was taken, *Cemex, S.A. v. United States*, 279 F. Supp. 2d 1357 (Ct. Int'l Trade 2003).

31. The decision in *Cemex* is controlling precedent of the CAFC which this Court elected not to follow.

32. The essential facts which led to the decisions of this Court and the CAFC in the *Cemex* case are indistinguishable from those in this case.

33. As in this case, the domestic producers in *Cemex* obtained an increase in the amount of antidumping duties from Commerce.

34. In the *Cemex* case, as in this case, a large group of entries subject to higher antidumping duty was deemed liquidated by CBP as entered at the lower rate initially deposited by the importer.

35. As in this case, there was no question in *Cemex* that the entries were deemed liquidated improperly under 19 U.S.C. § 1504(d), and there was no reliquidation of the deemed liquidation within the 90 days permitted under 19 U.S.C. § 1501.

36. In *Cemex*, the CAFC unanimously affirmed the decision of this Court denying the domestic producers' motion to reliquidate and holding that the liquidation became "final and conclusive upon all persons" under 19 U.S.C. § 1514.  384 F.3d at 315-316.

37. The Court cannot use its Article III equitable powers to ignore a statutory prohibition.

38. The Court cannot use its Article III equitable powers to ignore the binding precedent of the CAFC in *Cemex*.

39. The Court cannot use its equitable powers to disregard clear and unambiguous statutory restrictions enacted by Congress.

40. Indeed, the Court recognized the CAFC decision in *Juice Farms, Inc. v. United States*, 68 F.3d 1344, that "finality of liquidation trumps correct antidumping duty assessment rates." 405 F. Supp. 3d 1373; this is not an equitable matter, it is a matter of law.

41. CBP requested this Court to order an illegal reliquidation of the entries which it recognized was illegal for CBP to do itself.

42. The fact that the reliquidation was ordered by the Court makes it no less illegal.

WHEREFORE, Plaintiff respectfully submits that the Court should reconsider its decision in *Home Products International, Inc.*, *supra*, and reverse it.  Furthermore, the Court should order a refund of the additional antidumping duties illegally collected with interest as provided by law.

Respectfully submitted,

SANDLER, TRAVIS & ROSENBERG, P.A.
Attorneys for Plaintiff
675 Third Avenue, Suite 1805-06
New York, New York 10017
(212) 549-0156

By:   /s/Patrick D. Gill
      Patrick D. Gill

Dated:  April 23, 2021