UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. LEO M. GORDON, SENIOR JUDGE

|  |  |  |
|---|---|---|
| TARGET CORPORATION, | : | |
| | : | |
| Plaintiff, | : | Court No. 21-00162 |
| | : | |
| v. | : | |
| | : | |
| THE UNITED STATES, | : | |
| | : | |
| Defendant. | : | |

## <u>ORDER</u>

     Upon consideration of defendant's motion to dismiss for failure to state a claim upon which relief may be granted, plaintiff's reply in opposition thereto, other papers on file, and upon due deliberation, it is hereby

     **ORDERED** that defendant's motion be and is hereby dismissed with prejudice; and it is further

     **ORDERED** that judgment is entered in favor of plaintiff; and it is further

     **ORDERED** that the entries covered by action shall be reliquidated with a refund of the additional antidumping duties illegally collected with interest as provided by law.

 

                                   _____
                                   Leo M. Gordon, Senior Judge

Dated:     _____
          New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. LEO M. GORDON, SENIOR JUDGE

| | |
|---|---|
| TARGET CORPORATION, | : |
| | : |
| Plaintiff, | :  Court No. 21-00162 |
| | : |
| v. | : |
| | : |
| THE UNITED STATES, | : |
| | : |
| Defendant. | : |

## PLAINTIFF'S REPLY TO DEFENDANT'S MOTION TO DISMISS

## Introduction

Defendant has filed a motion to dismiss this action for failure to state a claim upon which relief may be granted. At the outset, plaintiff submits that defendant is incorrect in contending that the claim made by plaintiff is one upon which relief may not be granted. The issue in this case is not whether the Court can grant the relief requested; it can. The issue is whether the Court should. The very cases cited by defendant in the Standard of Review section of its motion, pp. 6-7, make it clear that a motion to dismiss for failure to state a claim is appropriate when plaintiff's allegations do not entitle it to a remedy, citing *United Pacific Insurance Co. v. United States,* 464 F.3d 1325, 1327 (Fed. Cir. 2006). In an action under 28 U.S.C. 1581(a), the relief sought by plaintiff herein, the reliquidation of the entries

with a refund of duty with interest as provided by law, is the quintessential form of relief that can be granted under the statute. For these reasons, the motion is inappropriate.

While plaintiff has the unenviable task of requesting a judge to reverse his own decision, the Court has the power to do so. To achieve its objective, defendant should have filed either a motion for judgment on the pleadings or for summary judgment after filing an answer. However, we believe that the Court can decide the case on this motion because the unique history and posture of this case make it appropriate for disposition on the merits without further delay.[1] If defendant's motion is denied on procedural grounds, the same issues will be before the Court if a more appropriate dispositive motion is filed. The procedural history of this case has been painfully long and should not be further prolonged for

---

[1] While a motion for judgment on the pleadings or a motion for summary judgment should be filed after answer, an answer to the factual allegations of the complaint in this case would be unnecessary. Defendant does not contest the factual allegations of the complaint in its motion and correctly cites *Kellogg Brown & Root Services, Inc v. United States,* 728 F.3d 1348,1365 (Fed. Cir 2013), for the proposition that "[i]n deciding a motion to dismiss, the court must accept well-pleaded factual allegations as true and must draw all reasonable inferences in favor of the claimant." Defendant's motion, p. 7. Hence, we submit that the Court should treat the instant motion as a motion for judgment on the pleadings or for summary judgment, proceed to decide the case on the merits, and waive the defects in the filing of the dispositive motion *nunc pro tunc*. Under Rule 1 of the Rules of the Court, the "rules should be construed, administered and employed by the court and the parties to secure the just, speedy and inexpensive determination of every action and proceeding."

procedural reasons which will not affect the outcome.  It is clear and uncontested that the case is ripe for decision on the merits.  If the Court stands by its decision in *Home Products International, Inc. v. United States,* 405 F. Supp. 1368 (Ct. Int'l Trade 2019) (hereinafter *Home Products*), it is our request that the Court will issue its decision promptly so that plaintiff may now, as a party, properly pursue its appeal to the Court of Appeals for the Federal Circuit (hereinafter: Federal Circuit), which has not yet ruled on the merits of plaintiff's argument, contrary to defendant's assertions.

We also take issue with the statement on page 6 of defendant's motion that "Target's complaint masquerades as a motion for the court to reconsider its September 27, 2019 decision . . ."  The Federal Circuit in its February 16, 2021, opinion dismissing Target's appeal on procedural grounds, *Home Products International, Inc. v. United States,* 846 Fed. Appx. 890 (Fed. Cir 2021), stated:

> Finally, it is undisputed that Target has another, statutorily prescribed, path to redress its grievance without resort to a nonparty appeal.  Target has, in fact, followed that path.  Upon reliquidation of the subject entries, Target protested Customs' actions pursuant to 19 U.S.C. § 1514.  Target's Opening Br. 20.  If Customs denies Target's protest, Target will be able to commence an action in the CIT challenging that decision.  *See* 28 U.S.C. §§ 1581(a), 2637(a).  And, if the CIT resolves that case adversely to Target, Target, as a party to the CIT action, will be able to seek review in this court.  *See* 28 U.S.C. § 1295(a)(5).

Plaintiff is following the precise "path" set forth by the Federal Circuit in order to bring this case before this Court and, if necessary, to appeal a decision that is again adverse to plaintiff. Since the Federal Circuit in the language quoted above made clear that this Court could then consider plaintiff's argument, plaintiff would be remiss if it did not set forth the arguments as to why the Court should reconsider its decision. Plaintiff respectfully submits that the decision in *Cemex. S.A. v. United States,* 384 F.3d 1314 (Fed. Cir 2004), is controlling in this case (hereinafter: *Cemex*). While the Court considered and discussed the *Cemex* case in its decision in the *Home Products* case, we respectfully submit that the Court erred in not treating the *Cemex* case as controlling and dispositive of plaintiff's claim that the Court could not reliquidate the entries, that the Court should reconsider its decision, and that it should reverse it.

## STATEMENT OF THE CASE

At issue in this action is the legality of the Order of the Court to reliquidate the entries which are the subject of this action in its Opinion and Order of September 27, 2019, in *Home Products*.

A brief summary of the history of this case is set forth at the outset of the Court's opinion. *Id*. at 1368-1371. In a nutshell, the Court directed Commerce to assess antidumping duties of 72.29% pursuant to a stipulation of the parties. On January 5, 2017, Commerce issued instructions to Customs to liquidate the entries

at the rate of 72.29%. However, Customs did not follow these instructions and the

entries which are the subject of this action were deemed liquidated by operation of

law under 19 U.S.C. § 1504(d) in March at the original dumping duty rate of

9.47% under which the merchandise was entered.[2] Obviously, Customs

erroneously allowed the liquidation of the entries by operation of law at the lower

rate contrary to the final determination and instruction from Commerce. Under 19

U.S.C. § 1501, Customs then had 90 days in which to reliquidate the entries at the

proper rate. However, Customs failed to reliquidate the entries within the 90-day

period. The government called this error to the attention of the Court with a so-

called "Status Report," and the Court ordered that the entries be reliquidated at the

higher rate despite the fact that the time for reliquidation under Section 1501 had

expired. Target then challenged the lawfulness of the untimely reliquidation of its

entries with motions to intervene, for reconsideration, and to vacate the Court's

order of reliquidation as noted by the Court. *Id*. at 1371. Ultimately, the Court

ordered the reliquidation of the entries at the higher rate of duty and denied as

moot Target's motions to intervene and to stay implementation of the order and for

reconsideration. *Id*. at 1378. Target then filed an appeal to the Federal Circuit

---

[2] A much larger group of Target's entries were liquidated at the higher dumping rate of 72.29% in accordance with the instructions from Commerce. 152 entries were liquidated at the higher rate, and Target paid $11,868,842.77 as a result. Those liquidations are not in dispute in this case.

challenging the legality of the reliquidation of its entries as untimely under Section 1501, contending that the deemed liquidations were final and conclusive on all parties under 19 U.S.C. § 1514(a).

On December 21, 2020, after briefing on both the jurisdictional issues and the merits of the appeal and after the case was set for oral argument, the Federal Circuit *sua sponte* requested additional briefing on whether the "appeal should be dismissed as improperly brought by a non-party." On February 16, 2021, the Federal Circuit issued a nonprecedential opinion, cited *supra*, dismissing the appeal without considering the merits of the appeal.

The protest which plaintiff filed against the reliquidation was suspended by Customs while the appeal to the Federal Circuit was pending. After the Order was issued by the Federal Circuit dismissing the appeal, Customs lifted the suspension and denied the protest on April 13, 2021. After receiving the denial of the protest by Customs, plaintiff commenced this action on April 15, 2021. On April 23, 2021, plaintiff filed the complaint in this action. On June 22, 2021, defendant filed its motion to dismiss.

## SUMMARY OF ARGUMENT

Plaintiff contends that the final order of the Court in *Home Products* is illegal, null, and void. The order to reliquidate the Customs entries which are the

subject of this case was an *ultra vires* act that is flatly contrary to the decision of the Federal Circuit in the *Cemex* case.

The entries were erroneously liquidated by operation of law under 19 U.S.C. § 1504(d) at the anti-dumping duties deposited at the time of entry which were lower than the anti-dumping duties determined by Commerce in its final anti-dumping duty order. Customs failed to reliquidate the entries at the proper rate within the 90 days permitted under 19 U.S.C. § 1501 and as a result, the original liquidations became final and conclusive by operation of law under 19 U.S.C. § 1514(a). Customs recognized that it would be illegal for it to reliquidate the entries because the 90 day period to do so had expired and acknowledged that "Customs does not have the authority to reliquidate under section 1501." ECF No. 171, p.1, in the *Home Products* case.

As a result, Customs sought relief from the Court ordering reliquidation of the entries despite the fact that such reliquidation would be flatly contrary to applicable law and the holding of the Federal Circuit in the *Cemex* case.[3] The Court questioned the reasoning of the decision of the Federal Circuit and ordered the illegal reliquidation.

---

[3] The fact is that in the first instance Customs failed to liquidate the entries in accordance with the instructions from Commerce. In the second instance, Customs failed to reliquidate within the 90 day period under Section 1501. Customs then sought a third bite at the apple by seeking illegal relief from the Court.

For these reasons, the Court should order a refund of the additional

antidumping duties illegally collected with interest as provided by law.

## ARGUMENT

### Standard of Review

"The court possesses jurisdiction to hear this dispute pursuant to 28 U.S.C.

1581(a). The court reviews the denial of protest claims under 19 U.S.C. 1515 *de*

*novo,* and 'shall make its determinations upon the basis of the record made before

[it].' 28 U.S.C. 2640(a)(1)." *Target General Merchandise v. United States, 392* F.

Supp. 3d 1326 (Ct. Int'l Trade 2019).

## I.

**THE DECISION OF THE COURT IN *HOME PRODUCTS INTERNATIONAL, INC. V. UNITED STATES,* 405 F.SUPP. 1369 (CT. INT'L TRADE 2019) ORDERING RELIQUIDATION OF THE ENTRIES IS CONTRARY TO THE DECISION OF THE COURT OF APPEALS FOR THE FEDERAL CIRCUIT IN *CEMEX, S.A. V. UNITED STATES,* 384 F.3D 1314 (Fed Cir. 2004).**

Plaintiff respectfully submits that the Court's order to reliquidate the entries

is flatly contrary to the decision of the Federal Circuit in *Cemex.* The decision in

*Cemex* is a controlling precedent of the Federal Circuit, which the Court failed to

follow. As in *Home Products*, the domestic producers in *Cemex* obtained an

increase in the amount of antidumping duties from Commerce. *Cemex* at 1315.

As in *Home Products*, a large group of entries subject to the higher duty was

deemed liquidated by Customs as entered at the lower cash deposit rate initially deposited by the importer. *Id.* at 1317. Also as in *Home Products*, there was no question that those entries were deemed liquidated improperly under 19 U.S.C. § 1504(d),[4] and there was no reliquidation of the deemed liquidations within the 90 days permitted under 19 U.S.C. § 1501. *Id.* at 1319-20. As in *Home Products*, the domestic producer, in collaboration with Customs, sought to have the entries reliquidated at the higher rate in Commerce's final order. *Id.* at 1320. Notwithstanding the improper liquidation, the Federal Circuit, in an opinion by Judge Michel, unanimously affirmed this Court's decision denying the domestic producers' motion and holding that the liquidations became "final and conclusive upon all persons" under 19 U.S.C. § 1514(a). *Id.* at 1315-1316.

In addition, in the *Cemex* decision, the Federal Circuit approved the reasoning of this Court in an opinion by then Chief Judge Restani stating that "nothing in § 1514(b) indicates it prevents finality as to Customs' determinations

---

[4] The argument on page 13-14 of the defendant's motion to the effect that the entries were not deemed liquidated by operation of law pursuant to 19 U.S.C. § 1504(d) borders on the incomprehensible. It starts with the assertion that "Cemex involved a decision by CBP to retroactively treat certain entries as having been liquidated by operation of law, pursuant to 19 U.S.C. § 1504(d), <u>even though the entries had not actually been liquidated in that manner</u>. *Cemex*, 384 F.3d at 321." (Emphasis added). There is no explanation as to how the entries were not actually liquidated under section 1504(d) despite the fact that that is precisely what the Federal Circuit said. The simple fact of the matter is that in both *Cemex* and this case those liquidations occurred by operation of law, pursuant to 19 U.S.C. § 1504(d), as precisely stated by the Federal Circuit.

after court proceedings are conclusively terminated." *Id*. at 1322. The Federal Circuit agreed with this Court "that Customs' decision to acknowledge that liquidation, deemed or otherwise, has occurred falls within the purview of Section 1514(a) and is, therefore, 'final and conclusive upon all persons' – including [the domestic producer]." *Id*. at 1323. The Federal Circuit also noted that "Customs' admittedly erroneous decision to liquidate falls within the ambit of Section 1514(a)(5), which shields such decisions from challenge, without regard for their legality." *Id*. at 1324.

In the *Home Products* case, the Court recognized that it "does need to say a few words about *Cemex* . . ." 405 F. Supp. at 1375-1377. It noted that under *Juice Farms Inc. v. United States*, 68 F. 3d 1344 (Fed. Cir. 1995), and *Cemex*, finality of liquidation trumps correct antidumping duty assessment rates. *Id*. at 1373. Rather than following the clear dictates of these decisions, which would bar the order of reliquidation, the Court sidestepped them and questioned the reasoning of the Federal Circuit's decision in *Cemex*. *Id.* at 1377.

The Court also recognized that it had to concede that *Cemex* "can also admittedly be read more broadly as concluding that domestic interested parties simply have no remedy to correct an erroneous Customs' liquidation of subject entries covered by a judgment of the U.S. Court of International Trade." *Id*. We respectfully submit that that is not a broad reading; it is the only permissible

reading of that case. Despite the conclusion of the Federal Circuit in *Cemex* reaffirming the basic principle that liquidation under Section 1514(a) is "final and conclusive upon all persons, -- including [the domestic petitioner]," *Cemex* at p. 1323, the opinion of this Court challenged the decision of the Federal Circuit stating that it "cannot understand the logic or rationale of that reading or result." *Home Products* at 1377. The Court went on to further question the decision finding it "difficult to understand the conclusion [in *Cemex*] that Congress – having provided detailed and comprehensive rights for domestic interested parties within the trade remedy statutes – somehow intended that those very parties have no remedy to correct a Customs' error . . ." *Id*.

The Court also commented on this Court's decision in *Cemex* stating that the "Federal Circuit was apparently persuaded by the Court of International Trade's conclusion that Congress simply failed to provide a remedy in § 1514 for domestic interested parties to correct Customs' errors in trade cases" which it characterized as an "unfortunate conclusion." *Id*. This demonstrates that the Court did not follow its own precedent, much less that of the Federal Circuit.

With all due respect, it is not the province of a lower court to disregard a decision of an appellate court whether it finds it unfortunate or not. Plaintiff has no doubt that the Court was disturbed by what it perceived as an inequity in following the prescriptions of the statute in Section 1501 and Section 1514(a). However, the

courts are not free to disregard clear and unambiguous statutory restrictions enacted by Congress. This is not an equitable matter; it is a matter of law. What is at stake is the finality of liquidation as prescribed by statute by Congress. The simple fact of the matter is that, in many cases, importers as well as domestic parties can be frustrated by the finality of the statute of limitations. Importers who fail to file timely protests under Section 1514(a), due to negligence or other reasons, are similarly denied relief no matter how legitimate their claims are on the merits.[5] Defendant believes that the prohibition against reliquidation after the 90 day period has expired should not apply in the case of a domestic producer seeking reliquidation but should apply to an importer who is seeking the same relief. That is patently absurd and grossly inequitable. However, there is strong public policy in favor of that finality, which has been recognized by Congress in the very language of Section 1514(a), "final and conclusive." It is not for the courts to prescribe alternative remedies, nor substitute their judgment of that of Congress. If there are to be any exemptions from the finality of liquidation, it is for Congress alone to provide them. As stated by this Court in *Cemex*, "the proper forum for

---

[5] In *Juice Farms, Inc.*, *supra*, it was the importer whose challenge to an erroneous liquidation of its entries assessing a higher antidumping duty was rejected because its protest was untimely under Section 1514(a).

remedying the harshness of the statues is Congress, not this court." *Cemex* at p. 1325.[6]

We respectfully submit that the decision of the Court to order the reliquidation of the entries in question flies in the face of the precedential, binding decision of Federal Circuit in *Cemex*. The Supreme Court and this Court have recognized that Congress "says in a statute what it means and means in a statute what it says." See, *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992); see, also, *Jones v. Brown*, 41 F. 3d 634, 638 (Fed. Cir. 1994). Here, the statute plainly and unambiguously states that reliquidation must occur within 90 days. As stated by the Supreme Court in *Connecticut Nat'l Bank v. Germain*, *supra*, when "the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'" *Rubin v. United States*, 449 U.S. 424, 430 (1981). The Court in *Home Products* lacked the authority to disregard the statute and the finality it guarantees to the importer.

---

[6] We also submit that the situation is not nearly as draconian as defendant might suggest. Not only were the majority of Target's entries liquidated at the higher rate of duty, but of the 224 entries illegally reliquidated by Customs, only 40 were Target's entries. Presumably, no challenge has been made to the 184 remaining entries that were illegally reliquidated as far as we know. See also footnote 2, *supra*, where 152 of Target's entries were properly liquidated with an assessment of antidumping duties at the higher rate.

Customs itself recognized that 19 U.S.C. § 1501 was intended to ensure that liquidation becomes final after the 90-day reliquidation period passes as explained by the Customs Commissioner during a post-amendment Congressional hearing:[7]

> Once this 90-day voluntary reliquidation period expires, CBP no longer has the legal authority to reliquidate an entry unless a protest is filed. Thus if an importer does not file a protest and the entry is beyond the 90-day voluntary reliquidation period, the liquidation of an entry becomes final and CBP is statutorily barred from changing the liquidation.

We also submit the steps leading to the Court's order to reliquidate were highly irregular, contrary to the Rules of the Court, and deprived Target of due process. On October 20, 2017, defendant, filed a so-called "Status Report" with the Court indicating that Customs liquidated certain entries at an incorrect antidumping duty rate, lower than should have been assessed.  ECF No. 171 in *Home Products*.  A Customs representative co-signed the Status Report despite the fact that Customs was not a party to the proceeding[8] and did not seek to intervene pursuant to Rule 24(b)(2). In the Status Report, defendant acknowledged that the

---

[7] Oversight of the U.S. Customs and Border Protection Agency: Hearing Before the S. Comm. On Fin., 114th Cong. 625 (May 11, 2016) (statement of Gil Kerlikowske, Comm'r of U.S. Customs and Border Protection), available at https://www.gpo.gov/fdsys/pkg/CHRG-114shrg25314/html/CHRG- 114shrg25314.htm (emphasis added); see also id. (stating that "[o]nce liquidation occurs, the import transaction is completed and the decision made by CBP become final and conclusive on all parties, including the United States.")

[8] The Court acknowledged that Customs was not a party in the *Home Products* case.  *Home Products* at 1374.

90-day time frame for Customs to reliquidate the entries had passed, and, thus Customs lacked the authority to reliquidate the entries under 19 U.S.C. § 1501. *Id.* Defendant informed the Court that Customs was "prepared to reliquidate the 224 entries expeditiously in response to a court order instructing it to do so." *Id.* Customs therefore admitted that a reliquidation by Customs would be untimely and illegal under 19 U.S.C. § 1501, and sought to circumvent this illegality by having the Court issue an illegal order of reliquidation. Customs effectively asked the Court to perform an illegal act which it recognized it could not do itself. The fact that an illegal order was issued by the Court, rather than Customs, makes it no less illegal.

The illegality is compounded by the fact that this issue was raised by non-party Customs using an improper vehicle. Under Rule 7 of the Rules of the Court, a request for a court order must be made by motion. Customs could not file a motion because it was not a party. Thus, the request for reliquidation is not only a violation of 19 U.S.C. § 1501, but was in contravention of the Court's own rules. The order of October 27, 2017 was issued beyond the Court's jurisdictional authority, without offering the parties an opportunity to comment or brief the issues, and without any expressed legal justification.

The Status Report failed to comply with the Rules of the Court. It was not in the proper form of a motion, nor was the Status Report a proper vehicle to seek

redress from the Court long after the underlying case became final. The Rules require that all parties to the case, as well as any member of the public monitoring the docket, be made aware of the true nature of the relief being requested and therefore be in a position to take any necessary steps to protect their rights. This did not occur and resulted in a denial of due process to Target.

Rule 7(b) of the Court Rules explicitly requires that "a request for a court order must be made by motion." The "Status Report" is actually not a status report at all, but a thinly disguised request for a court order overriding the reliquidation time period in 19 U.S.C. § 1501 that should have been made in the form of a motion in accordance with Rule 7(b). The Court should have rejected the Status Report based on defendant's failure to adhere to Rule 7(b) at the time of filing, but instead issued an equally unlawful order. For this reason alone, this Court should not have issued the order that stemmed from the faulty Status Report filing.

## II.

### DEFENDANT HAS FAILED TO DEMONSTRATE THAT THE *CEMEX* CASE IS NOT A CONTROLLING PRECEDENT THAT MUST DETERMINE THE OUTCOME OF THIS CASE

Defendant makes an attempt to distinguish the *Cemex* case from the instant case despite the fact that factually and legally *Cemex* is on all fours with this case. Recognizing that it is up against the impossibly high bar of the *Cemex* case, defendant attempts to rely on cases that are not in point in order to sidestep *Cemex*.

Defendant relies principally upon the decisions in *Am. Signature, Inc. v. United States*, 598 F.3d 816 (Fed. Cir. 2010); *Agro Dutch Indus. Ltd. v. United States*, 589 F.3d 1187 (Fed. Cir. 2009); and *Shinyei Corp of Am. v. United States*, 355 F.3d 1297 (Fed. Cir. 2004), in its attempt to distinguish this case from *Cemex*. Defendant's motion, pp. 8, 11, 12 and 17. These cases do not overcome the *Cemex* case, and in fact are consistent with it.

Aside from not being on point with this case and *Cemex*, plaintiff has no quarrel with those decisions as they recognize the Court's equitable authority to legally enforce its judgments. However, none of those cases or any others cited by defendant stand for the proposition that the courts can exercise their equitable powers in a way that would defy statutory provisions and binding case law which prevent the granting of the particular equitable relief sought.

Indeed, it is even more puzzling that the defendant goes on to heavily rely on the *Shinyei* opinion by Judge Michel for a unanimous panel consisting of Circuit Judges Newman, Michel and Rader. That is the same panel that decided the *Cemex* case in a unanimous opinion also written by Judge Michel. In fact, it was written in the same year several months before the *Cemex* case was decided. It is obvious that the Federal Circuit would have been aware of the *Shinyei* case when it decided the *Cemex* case and recognized the distinction between the cases both as to

law and equity.[9]  And while not directly in point with *Cemex*, the *Shinyei* case is

very supportive of the conclusion reached in *Cemex*.

The other two cases relied upon by defendant in an attempt to sidestep

*Cemex*, *Am. Signature, Inc., supra*, (*ASI*) and *Agro Dutch Indus. Ltd., supra,*

(*Agro*), equally miss the mark.  In *ASI*, the Federal Circuit stated as follows (598

F.3d at 829):

> In *Shinyei*, we addressed the scope of [19 U.S.C. 1514(a)], concluding
> that the protest provisions only apply to "decisions" of the "Customs
> Service." *Shinyei*, 355 F.3d at 1311.  Here as in *Shinyei*, the alleged
> agency error is on the part of Commerce, not Customs.  Therefore,
> section 1514(a) is inapplicable.

Furthermore, *ASI* filed suit under Section 1581(i), and the Federal Circuit

entertained the suit under that provision.  *Id.* at 821.  The Federal Circuit allowed

the appeal because *ASI* <u>agreed to a waiver of Section 1501</u>.  *Id.* at 824.  The waiver

of Section 1501 by *ASI* "obviates any problem with the ninety-day deadline."  *Id*.

at 829.  As a result, the Federal Circuit reversed Your Honor's decision in that

case.

Likewise, in *Agro*, the Federal Circuit dealt with prospective injunctive

relief.  The Federal Circuit held that "that the trial court did not abuse its discretion

in amending the judgment to effect the parties' intent to prevent liquidation and

---

[9] It is probable that the oral argument in both cases took place on the same day.

allow adjudication of the merits of this dispute." 589 F.3d at 1194. These three cases, the linchpin of defendant's argument, are simply a distraction from the real issue in this case, the result of which is dictated by *Cemex*. Defendant undermines its own argument stating that in *Cemex*, "the Federal Circuit found it necessary to recognize this fundamental principle by distinguishing *Cemex* from preliminary injunction cases, so as not to cause confusion." Defendant's motion, pp. 17-18.

The uncertainty resulting from the *Shinyei* case and the interplay with the *American Signature* case was discussed in the recent decision in *In Re 301 Cases,* __ F. Supp. 3d __, Slip Op. 21-81, pp. 14-15 (Ct. Int'l Trade 2021). In the decision in *American Signature,* the Court stated that *Shinyei* stands for the proposition that "the CIT may <u>under certain circumstances</u>, use its equitable powers to compel reliquidation of entries <u>if a preliminary injunction has been sought or denied</u>. [Emphasis added]. *American Signature* at 828 (citing *Shinyei*, 355 F.3d at 132). This underscores the fact that equitable relief was discussed in the limited context of preliminary injunction cases. *Cemex* and this case are not preliminary injunction cases and as noted by defendant, the Federal Circuit distinguished those cases from *Cemex*. Defendant's motion, pp. 18-19.

The thrust of defendant's argument is that the Court's equitable powers can be used to overrule the statute and the precedent set by the Federal Circuit in the *Cemex* case. That would be an abuse of equitable power as it was in the final order

by the Court in *Home Products*. There is no question that the Court has powers in equity as well as powers in law. Among other things, equity gives this Court the power to enforce its judgment in a way that is consistent with the law. But it absolutely does not give the Court power to use its equitable powers to disregard the law.

As stated by the Supreme Court in *Mertens v. Hewitt,* 508 U.S. 248, 255 (1993), the "term 'equitable relief' can assuredly mean…whatever relief a court of equity is empowered to provide <u>in the particular case at issue</u>." [Emphasis added.] In *Home Products*, the Court properly exercised its equitable powers in staying the final order while considering Target's motions. But the Court's equitable powers do not exist in an unlimited vacuum and must be grounded "in the particular case at issue." *Id.* In this case, that grounding is in the limitations of Sections 1501 and 1514(a). Under *Cemex*, it cannot use its equitable powers to disregard or nullify those provisions and their finality as provided by Congress.

Much of the Court's decision in *Home Products* is centered on the discussion of the Court's equitable powers. That discussion is a comprehensive analysis of the grant of equitable power to the Court resulting from the Customs Court Act of 1980, Pub. L. 96-417, 94 Stat. 1727 (1980). It is beyond question that the Court as an Article III Court has extensive equitable powers, and plaintiff is in no way suggesting that that is not the case. But those equitable powers are not unlimited.

20

While *In Re Section 301 Cases* does not involve section 1581(a), the

remarks by Chief Judge Barnett in his dissent are instructive and mirror plaintiff's

arguments in this case. Therein he stated (*Id.* at pp. 32-33):

> *  *  *. Notwithstanding the investiture of broad equitable powers
> in the CIT, Congress also enacted specific statutory provisions
> pursuant to which liquidation that is final and conclusive precludes the
> court from awarding relief. While the vast majority of actions before
> the CIT arise in connection with the statutory provisions for which
> Congress has expressly spoken with respect to the effect of
> liquidation, this case arises under the court's residual jurisdiction
> provision, pursuant to which the court retains all its powers in law and
> equity to provide relief consistent with 28 U.S.C. § 2643.

> In cases arising pursuant to the court's jurisdiction under 28
> U.S.C. § 1581(a), the finality of liquidation is governed by 19 U.S.C.
> § 1514(a). That provision provides:

>> [D]ecisions of the Customs Service . . . as to . . . (2) the
>> classification and rate and amount of duties chargeable;
>> [or] . . . (5) the liquidation or reliquidation of an entry . . .
>> shall be final and conclusive upon all persons . . . unless a
>> protest is filed in accordance with this section, or unless a
>> civil action contesting the denial of a protest, in whole or
>> in part, is commenced in the [CIT].

> 19 U.S.C. § 1514(a)(2), (5). Thus, section 1514(a) precludes the
> CIT from reviewing a challenge to—and ordering reliquidation based
> on—an erroneous decision by U.S. Customs and Border Protection
> ("Customs" or "CBP") unless the statutory protest requirements are
> met. *See, e.g.*, *Juice Farms, Inc. v. United States*, 68 F.3d 1344, 1345
> (Fed. Cir. 1995); *Mitsubishi Elecs. Am., Inc. v. United States*, 18 CIT
> 167, 172, 848 F. Supp. 193, 197 (1994).

Defendant's attempt to distinguish *Cemex* on the basis of the facts in *Home*

*Products* and *Cemex* amounts to a distinction without a difference. Defendant's

motion pp. 13-14. Defendant contends that "*Cemex* involved erroneous liquidations that occurred under unique circumstances distinct from what occurred in *Home Products*..." Defendant's motion, p. 13. The extraneous and irrelevant underlying factual detail alluded to by defendant does not constitute a basis for legally distinguishing this case from *Cemex*. The facts focused on by defendant relate to whether the courts had jurisdiction under 28 U.S.C. 1581(i), and not 28 U.S.C. 1581(a). That is not an issue in this case since there can be no question that the Court has jurisdiction under section 1581(a).

Defendant attempts to find some significance in the fact that "[i]n its complaint, Target does not contest the manner in which the Court weighed the equities." Defendant's motion, p. 10. Because the Court does not have the power to grant the equitable relief sought in this case, the question of balancing the equities cannot be reached. Balancing the equities is an element of an equitable determination which cannot be made in this case. Defendant compounds this error by asserting that the Federal Circuit considered "the facts and equities presented" in *Cemex*. Defendant's motion, p. 15. The Federal Circuit did not consider the equities because it decided the case as a matter of law, not equity.

For all of these reasons, defendant has failed to successfully distinguish the *Cemex* case and to demonstrate why it is not controlling of the outcome in this case.

# III.

## THE DOCTRINE OF *RES JUDICATA* IS INAPPLICABLE IN THIS CASE

The final point in defendant's motion argues "Target's complaint also warrants dismissal on *res judicata* grounds." Defendant's motion, p. 18. This is ironic because every case cited by defendant in Point IV of its motion undermines its argument. Defendant's motion, pp. 18-19.

The fundamental principles of the doctrine of *res judicata* are discussed in numerous decisions of the courts. One such decision by the Fifth Circuit is *Landmark Land Co, Inc. v. Office of Thrift Supervision,* 990 F.2d 807 (1993). The Fifth Circuit relied on the landmark decision of the Supreme Court in *Southern Pac. R.R. v. United States,* 168 U.S. 1, 48-49 (1897), noting that for *res judicata* to apply*,* the second suit must be "between the same parties or their privies." *Id.* at 811. Indeed relying on the decision of the Federal Circuit in *Ammex Inc. v. United States,* 334 F.3d 1052,1055 (Fed. Cir. 2003), defendant states that the "Federal Circuit has crafted a test that 'to prevail on a claim of *res judicata,* the party asserting the bar must prove that (1) the parties are identical or in privity, (2) the first suit proceeded to a final judgment on the merits; (3) the second claim is based on the same transactional facts and the first.'" [Emphasis added]. Defendant's motion, pp. 18-19. The parties are not the same in this case, and indeed as is painfully obvious from the dismissal of Target's appeal, Target was never a party

to *Home Products*. Hence, the essential predicate for employing the doctrine of *res judicata* is lacking.

Defendant's response to plaintiff's argument that they failed to meet the first prong of the *Ammex* claim-preclusion test borders on the ridiculous. Defendant states that "Because Target and the government participated in both *Home Products* and this action" defendant contends they meet the first prong. Defendant's motion p. 19. This simply ignores the decision of the Federal Circuit which dismissed Target's appeal because they were a non-party. The simple fact is that Target was locked out of the *Home Products* case in the final decision ordering reliquidation.

The additional argument that the second and third prongs of *Ammex* have been met is irrelevant if the first prong is not met. Defendant's motion p. 19-20.

Finally, we would observe that the *Home Products* case cannot be considered *res judicata* by the very language in the decision dismissing the appeal, 846 Fed. Appx. 890, which makes it clear that plaintiff can now pursue an action in the CIT and if unsuccessful can appeal the case to the Federal Circuit. The Federal Circuit would not have outlined this course of action if the *Home Products* case was *res judicata*.

Defendant's arguments on *res judicata* are so far wide of the mark that they deserve no further comment.

## CONCLUSION

For all of the reasons set forth herein, defendant's motion to dismiss should be denied with prejudice. We respectfully submit that the Court should reconsider its decision in *Home Products* and reverse it. The Court should order a refund of the additional antidumping duties illegally collected with interest as provided by law.

Respectfully submitted,

**SANDLER, TRAVIS & ROSENBERG, P.A.**
Attorneys for Plaintiff
675 Third Avenue, Suite 1805-06
New York, New York 10017
(212) 549-0156

By:    /s/Patrick D. Gill
        Patrick D. Gill

Dated:  July 23, 2021